Barbara SMITH, Plaintiff–Appellant,

v.

UAW–GM LEGAL SERVICES PLAN,
Defendant–Appellee.

No. 01–9218.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2002.

Gwennor Lloyd Carr, Buffalo, NY, for Appellant.

Deborah Brouwer, UAW Legal Services Plan, Cheektowaga, NY, for Appellee.

Present FEINBERG and SACK, Circuit Judges, and MURTHA,* District Judge.

## SUMMARY JUDGMENT

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be, and it hereby is, AFFIRMED.

* Of the United States District Court for the District of Vermont, sitting by designation.

The plaintiff Barbara Smith appeals from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge* ) granting the Fed.R.Civ.P. 56 motion for summary judgment of the UAW–GM Legal Services Plan ("the Plan"), and dismissing Smith's claims of retaliation, discrimination based on race, and hostile work environment based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* We review the district court's grant of summary judgment *de novo.* *E.g., Schnabel v. Abramson,* 232 F.3d 83, 86 (2d Cir.2000).

Smith was hired as a legal secretary for the Lockport, New York, office of the Plan on September 8, 1986. After enduring racist comments about African–Americans and degrading remarks about her performance for ten years, Smith filed a grievance pursuant to her collective bargaining agreement in September 1996. The Plan conducted an internal investigation. At its conclusion, a disciplinary letter was placed in the file of one Plan attorney, and the managing attorney of the office held a staff meeting to tell everyone to behave more professionally.

On November 17, 1997, while carrying files to the Plan office basement, Smith fell. Due to injuries to her neck and shoulders, she has been on worker's compensation leave since that time. In July 1998, Smith was placed on layoff subject to recall, pursuant to the collective bargaining agreement between her union and GM, which requires automatic layoff after 180 days of leave. On November 3, 1998, Smith filed the claim with the New York Division of Human Rights that led to this appeal.

Section 704(a) of Title VII prohibits an employer from discriminating against an employee because she "has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a). A three-part burden-shifting analysis applies to retaliation claims. First, the plaintiff must make a prima facie case of retaliation by showing "(1) that she was engaged in protected activity by opposing a practice made unlawful by Title VII; (2) that the employer was aware of that activity; (3) that she suffered adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir.1998). Second, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *See Holtz v. Rockefeller & Co.,* 258 F.3d 62, 81 (2d Cir.2001). Finally, the ultimate burden of persuasion lies with the plaintiff to prove that the defendant's reason was pretextual and that the employer's action was discriminatory. *Id.*

■ In this case, the plaintiff failed to make her prima facie case or alternatively to prove pretext. She failed to offer any evidence indicating a causal connection between her filing a grievance in September 1997 and her being laid off in July 1998. Furthermore, the Plan has offered a legitimate, nondiscriminatory reason for the layoff: The collective bargaining agreement governing Smith's employment requires automatic transfer to layoff status after 180 days of leave. Smith has not challenged this reason. The layoff therefore cannot support a claim of retaliation. Similarly, it cannot support a claim of discrimination based on race.

■ To prevail against a motion for summary judgment on a hostile work environment claim, a plaintiff must "produce evidence that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the

victim's employment." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks and citation omitted). The district court dismissed Smith's hostile work environment claim as time barred because she was on leave during the 300–day period before she filed her claim with the New York Division of Human Rights. *See* 42 U.S.C. § 2000e–5(e)(1); *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir.1994). Smith has argued that her claim can survive the time bar on a continuous and ongoing violation theory. "When a plaintiff experiences a continuous practice and policy of discrimination, ... the commencement of the statute of limitations period may be delayed...." *Id.* at 703 (internal quotation marks and citation omitted). To support her argument that she was the victim of a continuous and ongoing hostile work environment up through the 300–day window, Smith offered evidence of an isolated telephone call from a coworker communicating an earlier racist comment and warning Smith not to return to work because others might treat her badly. We agree with the district court that this evidence is not capable of establishing discriminatory policies or mechanisms of the Plan. It is insufficient to overcome a motion of summary judgement on the theory of a continuous and ongoing hostile work environment.

Although it is clear that for an extended period of time the plaintiff was treated dreadfully by certain employees of the UAW–GM Legal Services Plan, and although we of course in no way condone this treatment, on the record before us Title VII does not offer her a remedy.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.